O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-524 PSG (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | Robert Lawrence Sheppard v. J. Hackett, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Denying Motion for Appointment of Counsel**

   On July 16, 2009, Robert L. Sheppard ("Plaintiff") filed a motion for appointment of counsel.  There is no constitutional right to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  A district court will secure counsel for an indigent civil litigant only in "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted).

   In the instant case, the Court does not find exceptional circumstances warrant the appointment of counsel.  Plaintiff appears to have the ability to articulate his claims adequately on his own.  Neither the facts nor the legal issues involved are unusually complex.  Therefore, the motion is DENIED.

   **IT IS SO ORDERED.**